RECEIPT # 53954  
AMOUNT $ 150  
SUMMONS ISSUED  
LOCAL RULE 4.1  
WAIVER FORM  
MCF ISSUED  
BY DPTY. CLK.  
DATE 2-19-04

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT J. BYRNES, JR.<br>    Plaintiff,<br><br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE<br>FINANCE CORPORATION,<br>    Defendant. | CIVIL ACTION NO.<br><br>**04 10340 PBS**<br><br>MAGISTRATE JUDGE |

### NOTICE OF REMOVAL

The defendant, Chase Manhattan Automotive Finance Corporation ("Chase"), hereby notices the removal of the following described action from the Superior Court of Norfolk County, Commonwealth of Massachusetts ("State Court"), to the United States District Court for the District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. Chase respectfully submits the following grounds for removal:

I.

The plaintiff, Vincent J. Byrnes, Jr. ("the plaintiff"), filed suit against Chase on January 21, 2004, in a suit entitled, <u>Vicent J. Byrnes, Jr. v. Chase Manhattan Automotive Finance Corporation</u>, Civil Action No.: NOCV2004-00116-A, in the Superior Court of Norfolk County, Commonwealth of Massachusetts ("State Court action"). A copy of the plaintiff's Summons and Complaint ("Complaint") is attached hereto as Exhibit A.

II.

Chase was served with a copy of the Complaint and Summons on January 30, 2004. Chase has not yet filed an Answer to the Complaint. Chase has also been served with Plaintiff's First Request for Production of Documents, First Set of Interrogatories Propounded by the Plaintiff, and Notice of Deposition of the Defendant.

23190.1

III.

Chase was served with a copy of the Complaint on January 30, 2004, and this Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

IV.

The Complaint seeks an unspecified amount of damages from Chase for bodily injury, pain and suffering and lost wages, which resulted from the alleged negligent operation of an uninsured motor vehicle owned by Chase. The plaintiff seeks these damages from Chase, claiming that Chase is liable as the owner of the motor vehicle and for negligently entrusting the motor vehicle to the operator. The nature of the plaintiff's allegations are clearly stated in the Complaint, attached hereto as Exhibit A. Chase denies any and all liability on its part for the plaintiff's claims, and has valid defenses thereto.

V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff is a citizen of Massachusetts, residing in the Town of Bellingham, County of Norfolk, Commonwealth of Massachusetts. Chase is a corporation duly organized and existing under the laws of Delaware, with a principal place of business in Garden City, New York. The amount in controversy, in the event that the plaintiff is to prevail on his claims, exceeds $75,000 exclusive of interest and costs.

VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of

23190.1

interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

### VIII.

Chase is the only defendant in this matter.

### IX.

A list of all counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

### X.

Chase appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

### XI.

Promptly after filing this Notice of Removal of the State Court action, Chase will give written notice of such filing to the plaintiff, and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendant, Chase Manhattan Automotive Finance Corporation, prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

23190.1

SO NOTICED this 19th day of February, 2004.

> Respectfully Submitted,
> Chase Manhattan Automotive Finance Corporation,
> By its attorneys,
>
> /s/ Geoffrey M. Coan
> Maynard M. Kirpalani, BBO# 273940
> Geoffrey M. Coan, BBO# 641998
> Wilson, Elser, Moskowitz, Edelman & Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> (617) 422-5300

### CERTIFICATE OF SERVICE

I, Geoffrey M. Coan, hereby certify that I have this 19th day of February, 2004, served a copy of the foregoing upon all parties of record by mailing same postage prepaid to:

Robert W. Norton, Esquire
Glarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171

/s/ Geoffrey M. Coan

4

23190.1