**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## NOCV2004-00116
## Byrnes Jr v Chase Manhattan Automotive Finance Corporation

| File Date | 01/23/2004 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 02/23/2004 | Session | A - Civil A |
| Origin | 1 | Case Type | B03 - MV negligence/pers injury/prop dmg |
| Lead Case | | Track | F |

| Service | 04/22/2004 | Answer | 06/21/2004 | Rule12/19/20 | 06/21/2004 |
|---|---|---|---|---|---|
| Rule 15 | 06/21/2004 | Discovery | 11/18/2004 | Rule 56 | 12/18/2004 |
| Final PTC | 01/17/2005 | Disposition | 03/18/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Vincent Byrnes Jr
Active 01/23/2004

**Private Counsel 550492**
Robert W Norton
Giarrusso Norton Cooley & McGlone
308 Victory Road
Marina Bay
N Quincy, MA 02171
Phone: 617-770-2900
Fax: 617-773-6934
Active 01/23/2004 Notify

**Defendant**
Chase Manhattan Automotive Finance Corporation
Service pending 01/23/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/23/2004 | 1.0 | Complaint entry fee $275 plff jury claim |
| 01/23/2004 | | Origin 1, Type B03, Track F. |
| 01/23/2004 | 2.0 | Civil action cover sheet filed |
| 01/23/2004 | | fast track notice sent to plff attorney |
| 02/02/2004 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 02/23/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS



Attest: A TRUE COPY
Deputy Assistant Clerk
2/23/04

*3.0*

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
CIVIL ACTION NO. 2004-00116

VINCENT J. BYRNES, JR.
         Plaintiff,

v.

CHASE MANHATTAN AUTOMOTIVE
FINANCE CORPORATION,
         Defendant.



## NOTICE OF CASE HAVING BEEN REMOVED

**TO THE HONORABLE JUSTICE AND CLERK OF THIS COURT:**

       Chase Manhattan Automotive Finance Corporation, the named defendant in this action,

files this Notice of Case Having Been Removed. Attached hereto is a true and correct copy of

the Notice of Removal filed in the United States District Court for the District of Massachusetts,

the filing of which effected the removal of this action.

Respectfully Submitted,
Chase Manhattan Automotive Finance
Corporation,
By its attorneys,

Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: February 19, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/by hand, with postage prepaid, to all counsel of record. **(w/out enclosures)**
Signed under the pains and penalties of perjury

DATED: _Geoffrey M. Coan_
_February 19, 2004_

23202.1

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

NORFOLK SUPERIOR COURT
CIVIL ACTION NO. NOCV2004-00116-A

VINCENT J. BYRNES, JR.
Plaintiff,

v.

CHASE MANHATTAN
AUTOMOTIVE FINANCE
CORPORATION,
Defendants.

COMPLAINT AND JURY DEMAND

### COUNT I

1. The plaintiff, Vincent J. Byrnes, Jr., is an individual and Massachusetts resident who resides at 88 North Main Street, Town of Bellingham, Norfolk County, Commonwealth of Massachusetts.

2. The defendant, Chase Manhattan Automotive Finance Corporation ("Chase") is a New York corporation with a principal place of business at 900 Stewart Avenue, Garden City New York. Chase has transacted business, has entered into contracts and has committed tortious conduct in the Commonwealth so as to be subject to the jurisdiction of this court pursuant to G.L. c. 233A.

3. On or about June 28, 2002, the plaintiff, Vincent J. Byrnes, Jr. was the operator of a motor vehicle owned by Fraser Engineering Co., Inc., traveling West on the Massachusetts Turnpike, a public way, in Newton, Massachusetts.

4. On or about June 28, 2002, Gregory Head was the operator of an uninsured Massachusetts motor vehicle owned by Chase Manhattan Automotive Finance Corp., traveling West on the Massachusetts Turnpike, a public way, in Newton, Massachusetts.

5. On or about June 28, 2002, the plaintiff, Vincent J. Byrnes, Jr. safely and prudently brought his vehicle to a complete stop after the vehicle in front of his stopped.

6. Gregory Head, traveling on the Massachusetts Turnpike negligently and carelessly operated the motor vehicle owned by Chase Manhattan Automotive Finance Corporation in such a way as to cause the vehicle to suddenly collide with the rear of the Mr Byrnes' vehicle.

7. Plaintiff adopts and restates the averments of paragraphs 1 - 6 above as though fully set forth herein.

8.  As a direct and proximate result of the negligent operation of an uninsured motor vehicle, the plaintiff, Vincent J. Byrnes, Jr. was caused to suffer great pain and suffering, mental anguish, lost wages and incur great medical expenses, all to his damage. After a hearing in Norfolk Superior Court regarding <u>Vincent J. Byrnes, Jr. v. Gregory Head</u>, docket number: CV2003-00741, the Court has valued Mr. Byrnes' damages at $200,000.00.

9.  Defendant Chase is liable for the plaintiff's damages as the owner of the motor vehicle and for its negligent entrustment of its motor vehicle.

WHEREFORE, the plaintiff demands judgment against the defendant, Chase Manhattan Automotive Finance Corporation, for the full amount of his damages, plus interest, costs, expenses and attorney's fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN HIS COMPLAINT.

The Plaintiff,
By his attorney,

Robert W. Norton, BBO#: 550492
GIARRUSSO, NORTON, COOLEY
  & McGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

DATED: 1/2/04

## LIST OF COUNSEL OF RECORD

For the Plaintiff

Robert W. Norton, BBO#550492
Glarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA  02171
(617) 770-2900

For the Defendant

Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal St., 5th Floor
Boston, MA 02110
(617) 422-5300

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

NORFOLK SUPERIOR COURT
CIVIL ACTION NO.:

04  00116

VINCENT J. BYRNES, JR.                )
  Plaintiff,                         )
                                  )

v.                                    )    **COMPLAINT AND JURY DEMAND**
                                  )

CHASE MANHATTAN                       )
AUTOMOTIVE FINANCE                    )
CORPORATION,                          )
Defendants.                           )
                                    )

### COUNT I

1.  The plaintiff, Vincent J. Byrnes, Jr., is an individual and Massachusetts resident who resides at 88 North Main Street, Town of Bellingham, Norfolk County, Commonwealth of Massachusetts.

2.  The defendant, Chase Manhattan Automotive Finance Corporation ("Chase") is a New York corporation with a principal place of business at 900 Stewart Avenue, Garden City New York. Chase has transacted business, has entered into contracts and has committed tortious conduct in the Commonwealth so as to be subject to the jurisdiction of this court pursuant to G.L. c. 233A.

3.  On or about June 28, 2002, the plaintiff, Vincent J. Byrnes, Jr. was the operator of a motor vehicle owned by Fraser Engineering Co., Inc., traveling West on the Massachusetts Turnpike, a public way, in Newton, Massachusetts.

4.  On or about June 28, 2002, Gregory Head was the operator of an uninsured Massachusetts motor vehicle owned by Chase Manhattan Automotive Finance Corp., traveling West on the Massachusetts Turnpike, a public way, in Newton, Massachusetts.

5.  On or about June 28, 2002, the plaintiff, Vincent J. Byrnes, Jr., safely and dutifully brought his vehicle to a complete stop after the vehicle in front of his stopped.

6.  Gregory Head, traveling on the Massachusetts Turnpike negligently and carelessly operated the motor vehicle owned by Chase Manhattan Automotive Finance Corporation in such a way as to cause the vehicle to suddenly collide with the rear of the Mr. Byrnes' vehicle.

7.  Plaintiff adopts and restates the averments of paragraphs 1 - 6 above as though fully set forth herein.

8.    As a direct and proximate result of the negligent operation of an uninsured motor vehicle, the plaintiff, Vincent J. Byrnes, Jr. was caused to suffer great pain and suffering, mental anguish, lost wages and incur great medical expenses, all to his damage.  After a hearing in Norfolk Superior Court regarding <u>Vincent J. Byrnes, Jr. v. Gregory Head</u>, docket number: CV2003-00741, the Court has valued Mr. Byrnes' damages at $200,000.00.

9.    Defendant Chase is liable for the plaintiff's damages as the owner of the motor vehicle and for its negligent entrustment of its motor vehicle.

**WHEREFORE,** the plaintiff demands judgment against the defendant, Chase Manhattan Automotive Finance Corporation, for the full amount of his damages, plus interest, costs, expenses and attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN HIS COMPLAINT.**

The Plaintiff,
By his attorney,

Robert W. Norton, BBO#: 550492
**GIARRUSSO, NORTON, COOLEY & McGLONE, P.C.**
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

DATED: 1/21/04

Attest: A TRUE COPY
Deputy Assistant Clerk
2/23/04

| CIVIL ACTION COVER SHEET | 04 00116 | Trial Court of Massachusetts Superior Court Department County: NORFOLK |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| VINCENT J. BYRNES, JR. | CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATION |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 770-2900 Robert W. Norton of Giarrusso, Norton, Cooley & McGlone, PC Marina Bay, 308 Victory Rd. Quincy, MA 02171 Board of Bar Overseers number:   BBO #: 550492 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

- [XX] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 03 | Personal Injury- Motor Vehicle Negligence | ( F ) | (XX) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......................................................... $ ..16,007.38..
2. Total Doctor expenses ............................................................ $ ..1,272.00..
3. Total chiropractic expenses ...................................................... $ ..0.00..
4. Total physical therapy expenses ................................................. $ ..Unknown..
5. Total other expenses (describe) .................................................. $ ............

Subtotal $ ..17,279.38..

B. Documented lost wages and compensation to date  Disabled 07/17/02 - 03/04/03 = 32 wks. $ ............
C. Documented property damages to date ................................................ $ ............
D. Reasonably anticipated future medical and hospital expenses ......................... $ ............
E. Reasonably anticipated lost wages .................................................. $ ............
F. Other documented items of damages (describe)

$ ............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Left lunotriquetral ligament tear; left triangular fibrocartilage tear requiring surgery.  Scar due to surgery.

$ ............

TOTAL $ ..17,279.38..

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Attest: A TRUE COPY
Deputy Assistant Clerk
2/23/04

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 1/21/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000